15-2994 People v. Jermaine Shaw Would both attorneys that are going to present oral arguments step up to the podium and identify yourselves for the record. Good morning, Your Honors. Miriam Seerig from the State Appellate Defender's Office for Jermaine Shaw. Ms. Seerig. Good morning, Your Honors. Assistant State's Attorney John Nowak on behalf of the People. Mr. Nowak, good morning. All right, each of you will have about 15 minutes to present oral argument. From that, Seerig, you may save up some time for rebuttal. May it please the Court? Good morning again. I'd like to reserve a couple of minutes for rebuttal. Certainly. Before I get into discussing the cases that you have cited, I wanted to make three points. Preliminarily, first, the standard under which we are operating is a substantial showing of a claim of actual innocence at the second stage of post-conviction proceedings, which is the standard that was most recently reiterated by the Supreme Court in Sanders. Second, Illinois does not draw a distinction between an actual innocence claim after a guilty plea or a trial, as evidenced by the fact that the Post-Conviction Hearing Act is open and allows claims regardless of any person in prison in the penitentiary, which clearly encompasses people who have pleaded guilty. What case supports that statement? The Post-Conviction Hearing Act supports that statement. Has there been any cases that you could cite that would support what you're saying? There is no Supreme Court case that specifically addresses that question, but there are... Which is why we're here. Didn't we actually say that in our opinion? Didn't we actually say that there could be a substantial showing of a constitutional violation via a guilty plea claim of actual innocence, a subsequent claim of actual innocence? Didn't we already say that? In the previous decision where we issued it and we're here on a disparity hearing? We're here. And I want to emphasize that what we have in Illinois, we have Supreme Court indications that the Supreme Court believes that there is no difference between a case when a defendant alleges actual innocence. There is no procedural difference under the Post-Conviction Hearing Act. What was the language when the court first recognized in People v. Washington the actual innocence claim was a constitutional violation? Yes. So I suspect... The language did... I know where you're going. All right. You tell me where I'm going. I suspect you're going to the fact that the language ends after retrial or at retrial. No, no. It's about what the court... Why? What is the reasoning behind it? The claim must be compelling. Was that the language? So the Supreme Court in Washington sets out the standard or the definition of actual innocence for our purposes is that the defendant present newly discovered material non-cumulative evidence conclusive so as to likely change the results at a retrial. All right. And that's the... They say that's what they said. A truly persuasive demonstration of innocence by compelling evidence. That's what they used. That is somewhat... That's why if there is a violation, it should be made by this truly persuasive demonstration of innocence by compelling evidence. I would point to the decision in Coleman which really clarifies where we are in terms of an actual innocence claim. And the court came back and said what we were saying in Washington is that we are working under a standard of not clear and convincing evidence. It rejected that standard when it was trying to define what is compelling evidence. It said we said what compelling evidence is. What did they say it was? It's the standard set out, the one that I just reiterated, newly discovered material non-cumulative evidence conclusive so as to likely change the results. And if it's a guilty plea, it wouldn't be a retrial. It would be a future trial. That would be the equivalent of what we would have. I think what is so important about Coleman is Coleman said again what we're concerned about is when a person says they're actually innocent. We're concerned about issues of fundamental fairness. And we are if we take the allegations as true at the second stage. Unless rebutted by the record. Unless rebutted by the record. So what do we have in this case? Do we have a plea of guilty or not? We have a guilty plea, yes. And in that guilty plea was there a proffer of evidence that would have been presented? Yes. And what was the proffer? The proffer was that a well the complainant would testify. Yes. That Mr. Coe entered the apartment, stole a TV, went out, came back, assaulted her upstairs, and then ran out again. So that is the charge of the first charge. That is the first charge. That is the charge. There's two case charges with the assault on the elderly woman that's described in the pleadings. Forget about the other case. Okay. But there are two. There was an information and an indictment, I believe. And he was at it was led to that he went there twice. One involved a sexual assault. One involved simply armed robbery or taking a property by force. Correct? Right. All right. So there were two cases. And there were what else was the proffer? That he gave a statement admitting to this. He signed a confession. All right. And you've thrown out that whole thing about the statement, right? You're not challenging those statements as far as being involuntary. What we argued is that that is part of his claim of actual innocence. On appeal, didn't you limit yourself to the actual innocence claim or not? What? No. Okay. You're challenging the statement now. His statement is in the context of the actual innocence? Here's my question. That was the proffer. And I believe there was a proffer that she would have identified him in a letter. Now, you have a statement by a person, I think it was 13 years after the fact. And it appears that he thinks that the victim is still alive from his own statement. But he said that the victim told him that another person had committed the assault. So is it your opinion that this idea, that that is not rebutted by the record that's already before the court? Correct. I think it contradicts that record. It does not rebut. What is your notion of rebuttals? A classic rebuttal would be if there were, say, physical evidence. Or wouldn't it also be like a statement actually from her that I misidentified? The basis of this claim is that that statement that she gave, I can identify the perpetrator and that perpetrator is Mr. Coe, is wrong, right? And it's in conflict. Yeah, let's say that we take your position. We haven't even talked about out-of-state authority. Let's say we take your position. Is it possible for a trial court to dismiss at the second stage under an actual innocence claim when they review the allegations? I mean, that's what happened here, right? Correct. All right. Not without, it's not possible to, as Coleman said, in a case like this where credibility is the issue, this case should go to an evidentiary hearing so that we can... How are we ever going to have a credibility issue here with a woman who's dead? Well, the woman, the complainant was dead. She is dead, right? The complainant was dead. And he pled guilty when she was dead. Correct. He said he was sorry. He couldn't apologize because she was dead. Well, he said he was sorry about something he did not know whether he did it or not. That's important. He said, I have a substance abuse issue. And I don't know. But she was dead already. And I think what we have to... I think at the heart of this issue is that at the second stage, we have to take as true these allegations from Mr. Koch. Sure. And if we go further with your theory, then does that preclude the court here from dismissing this? Yes. Because at the second stage... Because you're saying this was a truly persuasive demonstration of innocence? Correct. And it's compelling evidence. This is, I believe, I think we should go for the standard, we should go back to Coleman, to the first, the 1998 Coleman decision, where the court said at the second stage, a substantial showing is one that puts the allegations in a new light. All right. And it does put them in a new light. And if you look at Sanders and I think Coleman, wasn't Sanders a case involving recantation testimony? Wasn't Sanders one? Yes. Did the Supreme Court actually go through the allegations and then reject the petition? It rejected. They affirmed the dismissal based on recantation testimony. But not because it was recantation testimony. No, because it didn't meet the last factor. That it was so conclusive, it was likely to change the outcome on retrial. Isn't that what Sanders decided? That is what Sanders decided. But the importance of Sanders is that in Sanders, what they said is that here is one recantation witness, but we still have all the other witnesses. Sure. And that is not enough. So don't we have all this other evidence here then? Because there was a plea, there was a hearing, there was a plea of guilty, there was testimony that he would have been identified, there was testimony that she would have described the attack, there was testimony that he gave two different written statements. Are you saying that that's gone now? I'm not saying that it's gone. I'm saying it has to be. Yeah, so like the court in Sanders, does the trial court have the ability to make that determination? Not when credibility is the issue at the heart of the outcome of this case. The credibility, this can only be decided. Well, that's like saying, so long as you say there's a credibility issue, a trial judge can't dismiss anything. I don't believe that is correct because in this case we have a statement at the heart of the state's case is a statement of the victim. Okay. Let me talk about the victim. Now, she's dead. She was dead. You're describing this as a recantation. Is that right? This is partly a recantation, but this is also naming the perpetrator. Is it truly a recantation? Is this what we call hearsay on hearsay? This is a recantation in a hearsay statement that could be admissible at trial. That's what I would say. And is there any case that you actually know of or cited before that actually says what you're saying? What we have cited before, we relied on this court's decision in Warren. This court's decision in Warren or the dissent by distinguished power? No, I think Warren was the majority. Okay. Where the court held that and relied on 1103B. Was there a deceased person in that case? I don't remember. And weren't those actually statements that could be testified to because those individuals were actually providing affidavits, were alive, and could be cross-examined? But there are witnesses here that likely can, that the state can bring forth. When you say there are likely, I mean, we're talking about one person that has filed an affidavit. So we have Mr. Coe. We have Mr. Shaw. And the state has- I'm not sure what he says in his, I've reviewed his petition. I'm not sure that he actually makes- He says he's actually innocent. That's the heart of his, and that he was coerced into making that statement and that his attorney threatened to withdraw when he, on the guilty plea. All right. What about the first district cases? You know, Knight you've referred to, but there are a couple of first district cases that basically say that the constitutional deprivation that occurs, that can form the basis of a post-conviction petition, is a challenge to the involuntary nature of the plea itself. It must be the intrinsic nature of the plea that serves as the constitutional violation, not the claim of actual innocence. That's Barnsleder and that's Simmons. What is your response to those first district cases? So I don't, I'm not sure that I know Simmons. I heard about Barnsleder. So Barnsleder, I don't think, so are we now going back to whether it is at all possible to bring an actual innocence claim after a guilty plea or- I'm just asking you to discuss it, but you did indicate earlier, didn't you? That the Illinois Supreme Court hasn't really spoken directly on this kind of a case. The issue has never arisen, has it? The issue has not arisen in the Illinois Supreme Court, but we have indications from the Illinois Supreme Court about how it views cases where- It's never been exposed to or had a case like this one where you have a plea of guilty and you have a plea of guilty to three different informations or indictments. You have a deceased victim. You have no claim now that the plea is involuntary. I know that, you know, your original brief discarded the involuntary nature of the plea and the denial of a motion to suppress or something. That would have been valid. So this case is not like any other case. No. And you have this other- this plea of guilty that's combined with another case. So it's really a little different than anything else. It is a little different, but at the heart of- we can distill it back down, I think, to the actual innocence claim after a guilty plea. The fact that the allegations must be taken as true, and I do want to point out that we in MacDowell where the Supreme Court ordered- The supervisory order? The supervisory order. It's not presidential? Hasn't the court actually told us that we cannot cite? In fact, I don't know that you're allowed to cite, but hasn't the court told us in many decisions that a supervisory order should not be cited for any legal authority? I'm not asking the court to cite it for legal authority. I'm taking it as an indication that- Have they told us that? That we shouldn't discern or try to divine anything that they've said because of a supervisory order? The last- I believe that the last thing that we've heard from the Supreme Court on this issue was the footnote in VARA where it said, you can take this- and I'm blanking on the language, but essentially it said, you can take this indication of where- of what our thinking is on this. And I also- and I haven't gotten around to saying to that point yet, but the Knight decision was cited favorably by the Supreme Court, and that was a case where- There was a claim of an involuntary plea. In addition, there was- and that was based on the fact that he actually said, I was forced into this because I was basically told I had to accept responsibility for a murder I did not commit. And there were a number of eyewitnesses that were in the post-conviction petition that were identified. Correct? Yes, but it gives us an indication that the Supreme Court does not think that there is a difference between guilty pleas or trials, and that we have to now look at the evidence in the same light as we would after a trial. So let's talk about what other authority there is. Since the Illinois Supreme Court hasn't actually faced this, and they well may if they choose, what about the other authority out of state? There are states that don't even allow a claim on a plea of guilty, but then there are states that have several Supreme Court cases of other states, and in those, do you acknowledge that they indicate there has to be some kind of a difference in the situation involving a plea? So there are two cases that I found in this- in all the cases that we have, two states that actually have a different standard for guilty pleas compared to trials. There's a number of states that set a clear and convincing standard for actual innocence claims across the board, but there are two states- What are those states? What ones are you referring to? I am referring to- I think that the two most notable cases are Iowa and Colorado, the Schneider case and the- sorry, Schneider is a Colorado- the Supreme Court decisions in Colorado and the Supreme Court decision in- oh, in Texas as well. Those cases all set a clear and convincing evidence standard for actual innocence claims across the board, and we know from Coleman and we know from Washington that that is not the standard in Illinois. The standard in- the Supreme Court in Illinois has said, in Illinois, an actual innocence claim is under the Washington standard. It's not a clear and convincing evidence standard. All cases of Shluck- in fact, the Iowa decision gets its standard from Shluck, and the Illinois Supreme Court has said- We don't have any kind of evidence that Shluck described, do we? No, but we have the- we know that the standard that the court used in Shluck is not our standard and is irrelevant. That makes that Iowa standard of clear and convincing evidence irrelevant. So, that leaves two jurisdictions that actually make a difference. That is, one is Colorado. One is South Carolina. South Carolina is the one decision that you also said has an unworkable standard of an interest of justice, and then the Colorado decision, and that decision actually added an element when there's a defendant who has an actual innocence claim after a guilty plea, and they added this element to say that a defendant would have to prove that the charges were unfounded or false, but then the third element for a guilty plea defendant is that it would probably bring a different result, which is, again, a preponderance standard. So, even though the court in that case added an element- Okay, could I ask you something? Let's just go back to if we adopt your standard, all right? Right. And we just consider what was presented, and we're not going to be having any trial evidence, correct? So, and you also want to make sure that we don't include the other offense, right? You feel that there was another home invasion charge. He was arrested driving that woman's car. He gave a statement involving that case, okay? You want that out for sure, right? I think that would be admissible evidence at an evidentiary hearing. I think it's important to say that the evidence- But what about here? I mean, when a judge reviews a second stage petition, you're saying that they don't look at everything, but they should look at just what you want? What I'm saying is that that evidence goes to credibility. What would that second offense be used for? Sure, but let's say there was a trial. Let's say there was a trial. What does the judge look at in reviewing the petition? But that is to be determined at an evidentiary hearing. You're not, you're not, I'm not asking you that question. I'm asking you, we've already, you've already indicated that a judge can either dismiss a petition in the first stage and a second stage. There has to be a substantial showing. Let's take your standard, all right? Substantial showing of a deprivation of a constitutional right. So we're at the second stage. Now, does the court get to consider what was presented at this plea or not? It gets to consider it, but for that type of evidence, it would say, this is evidence that ultimately goes to his credibility. And we are not making credibility determinations right now. And we are sending this to the trial court to make a determination of the credibility where the state can present. Whatever the circumstances were that allowed him to, or that led to that guilty plea. Would you agree there are probably hundreds, if not more, cases of second stage dismissal involving claims of actual innocence where the court looks at the evidence, looks at the new evidence, has to make a determination whether or not it should advance? I think that has, what I have in front of me is my client's case. Well, what case then, what is your best case that you can refer us to in Illinois that would support your suggestion that this is one of those cases that the evidence is so compelling, truly persuasive, so that the judge should have forwarded this on for a third stage of entry here? I believe between Coleman, Sanders, we have the new decision in Velasco where this court held that hearsay evidence is admissible at an evidentiary. I'm not asking for my client to- That hearsay, the rules have been changed. There's certainly decisions that have interpreted that say you can consider hearsay. So, you know, this is what we call double hearsay, hearsay on hearsay. We'll consider it. But what case do you have besides this one? You know, a plea of guilty, where you have a statement, where you have identifications, where you have another case involved. What, I mean, that would support what you want us to do. That's all I'm asking for. I mean, we do have a case in front of us. You know, maybe in fairness to my client, it's not his fault that this is a very different, complicated, factual scenario that involves all those things. And that it's not replicated somewhere else. It's a burden to show at the second stage. Right. That there's been substantial denial. Right. And even under the standard that exists. Right. That you actually are really espousing here. And I understand that. I'm just saying, can you give us something that would, you know, have even the slightest sort of similarity or situation to compare it to that would warrant this? That's all I'm just asking. I think I have brought all the, I can't think of another case that I could cite in addition. I think that the latest case is the Velasco case, which really supports our position. And what was the evidence in that case? And was that a plea of guilty? No, that was a trial. Right. That was a trial. What was the evidence? The evidence about hearsay, there were several witness recantations in that case. Yes. But it is a claim of actual innocence. Was that the Judge Rochford case? Excuse me? Was that the decision issued by Judge Rochford? I don't remember who the judge issued that decision. But it is a case where the court said hearsay evidence such as this would be allowed at an evidentiary hearing. And that's what we have here. We have hearsay. I'm agreeing with you that hearsay evidence may be considered. I don't think that's a complicated issue here. We have authority that says that. There was a decision issued by Justice Ellis, although it wasn't a false conviction. I think it was the claim of the innocence. I can't recall the name of the act. The torture case? Yes, the torture case. Oh, the world case? Is that what you're talking about? I don't know the name. It was Gibson. Well, anything you want to add? Can I ask a question? So as I understand this, we have some cases involving guilty pleas and claims of actual innocence that follow on post-conviction in which there's a direct attack on the confession. Here, that is not, at least at this stage on appeal, a freestanding claim, right? You're saying within, I think I'm understanding you correctly, you have an actual innocence claim that within it alleges that my plea was not voluntary, but you're not stating that as a separate claim of constitutional deprivation. Is that right? Or are you? No, I think we are all, we are. Can you, okay, so can you explain that? Even if we step out of this case and just talk generally, can you have an actual innocence claim following a guilty plea without attacking, either within or separately, the voluntariness of the guilty plea? From what I understand your court's, this court's decision, that's exactly what you decided. Yes, you could. And there are good reasons to decide that because, as this court said, we have guilty pleas and people plead guilty for all kinds of reasons. I understand, I understand. I'm just trying to understand your position. Okay. So, I mean, the reason we talked about a different standard for these cases is because you, from the outset, have a confession that you're not necessarily even claiming was coerced, which is a pretty big thing in a record to have against you. You talk about does the record contradict this, right? Does the record not contradict, that's not the word, rebut. Does it positively rebut the claim of actual innocence? That's a pretty big massive ball, right? That the guy said he was guilty and he's not now claiming that he was forced to say that. Right. Right. I mean, that right there is a little bit more difficult. Wouldn't that be a reason to treat this particular species of actual innocence claim a little differently? One response to that is I'm not sure that the clear and convincing evidence standard solves that problem. I'm not sure. One of the things that Coleman said is that if we lift the standard and say we use clear and convincing evidence, then what's the relief? The relief should be not a new trial, but actual acquittal, dismissal of the charges. Would that mean that the only outcome of a case in a guilty plea is that the person actually goes free? Can that be? Does the guilty plea defendant not have the same kind of right to say, I have enough evidence to meet the Washington standard? A reasonable juror more likely, well, sorry. Well, one of the reasons why you might have a different standard is because, I'm stating the obvious here, if you have a trial, then the state has a lot of things they can point to to show why, to challenge the merits of the actual innocence petition. The state is at a considerable disadvantage if there hasn't been a trial. The state could have DNA evidence. That's the kind of thing. When you think of evidence in the record that positively rebutts a claim of actual innocence, that's the kind of thing you often think about. Forensic evidence. Stuff that you really can't disagree with. The number of times somebody was shot in the back of the head. That was it in Sanders, right? They said, he wasn't shot just once. He was shot six times. We have forensic testimonies or DNA evidence. But if you take a guilty plea, you may not ever put that stuff into the record, right? You don't need to. It's pleading guilty. Right. But that is why it's a... Because of the guilty plea. And I think then we go back to the fact that we're currently still at the second stage of these proceedings. And the state would have the ability to bring forth all that evidence at the evidentiary hearing and then really put this to the test. But I think that... I'm not sure you've actually addressed or answered something that I think Justice Ellis was asking. And if he didn't, I'm going to ask you now. And that is, you say that we take everything as true in the affidavit unless rebutted by the record. And you've conceded that the other two issues that he puts into his petition have been withdrawn, that being the involuntary nature of the statements. Correct? I have said that that is part and parcel of his actual innocence claim. Okay. Well, in any event, you have a... I don't think you have what's commonly referred to in evidence as a recantation, right? And you have something that, I don't know, divided in half. But it's not a recantation. It's a statement by another individual that he spoke to a person 13 years in the past and that that person told him that someone else did this to me, okay? So whatever you want to call it, it's considered not simply hearsay, but it's been referred to as double hearsay or hearsay on hearsay. But you still have the other matters presented at the plea, and that was that he gave a statement about three different offenses that he committed. So how do you, even under not even having a different standard, how do you say that that is rebutted or not rebutted? Excuse me. But those statements don't go to anything that occurred at the offense with which he was charged. They go to... How would they be admissible at trial? They would be admissible to impeach his credibility. And I don't even know that they would go for anything else, like modus operandi, because... I'm talking about the statements relating to this offense. Forget about the home invasion in China. His confession to this offense? Yes, there were two handwritten confessions that were given. There's absolutely no question that the woman was assaulted. You're saying that now there's someone else who did it, but there's no question that there was an offense committed. Certain property was taken, she was sexually assaulted, and then he gave two different handwritten statements to each of those offenses. Yes. So forgetting about this other thing that we can't quite describe in terms of what it is evidential as an evidentiary matter, how do you say that the rest of the evidence has now been rebutted such that you've presented this compelling case under Washington? So that, I think, goes back to the decision in World. That is another first district case where there was a forced confession, and that confession was forced, and that is part of our record here as well. One of the things that Mr. Shaw has always alleged is that he was forced into making this confession, and that is part of our brief. So that is part of his actual innocence claim. Which you didn't really brief, though, on appeal, and now you're saying it's intertwined with the acquittances, but you did not brief it for the court, and there was a second issue that he raised in that you did not brief that as well. Isn't that correct? I have my brief with me. I believe the way we argued it is that the fact that he pleaded guilty does not positively rebut his actual innocence claim. That's how we phrased it. Can I ask you about Knight, the Knight decision? So in Knight, we had a claim of a coerced confession and a claim of actual innocence. Did the court in Knight indicate that its claim of actual innocence depended in part on the coercion, or did it treat them separately? The court in Knight said that those two things went together. I think what the court said in Knight was that the same coercion, I believe there were gang members in the prison that the defendant alleged were coercing him into pleading guilty and confessing, so he had stated it even that way. So yes, but that was really because of that particular fact pattern. That's why they were closely aligned. And you're saying that's similar to what you're doing. You're incorporating the involuntary argument into your actual innocence? Yes. And I wanted to make one final point about raising the standard, which is the two courts that changed the standard on appeal did send the cases back for further pleading in the lower courts because they altered the standards. What cases are you referring to? I'm talking about the Jamison case in South Carolina and the Colorado case, Schneider. In both instances, the South Carolina court changed the standard in justice and said, okay, we will now send this back, and the Colorado court, oh, hold on. The Colorado court sent it back for more evidentiary hearings. Oh, and sorry, I'm making a mistake here. It's actually the Iowa court, the court in Iowa where the court said we're setting the standard now for an actual innocence claim to clear and convincing evidence. They also sent the case back down for further pleadings, so that's just a final point. Your position, though, is that there shouldn't be this other? Our position is that it should be sent back to an evidentiary hearing, which will be held under the Washington standard. Which is what we've already described. All right. We'll save. We will give you some time for rebuttal. Thank you. Mr. Nowak? Good morning, Your Honors. May it please the court again for the record. My name is John Nowak on behalf of the people. Your Honors, the people obviously agree with this court's ultimate judgment affirming the dismissal at the second stage. Well, that looks really weird. Right. The part that we couldn't go along with the court is in creating this enhanced clear and convincing standard at the second stage, and that is based largely in part on this 2013 decision by the Owner's Supreme Court in Coleman. This court did cite the Coleman in paragraph 55 saying, look, the normal. And do you think that we were saying that there's a, do you think that we were suggesting that there's an evidentiary sort of burden or that a hearing at the second stage? No, Your Honor. But with Coleman, the particular argument in Coleman and that standard, that preponderance standard, of course, is the third stage evidentiary hearing standard. But in Coleman, the state invited the Supreme Court to adopt a clear and convincing standard for actual innocence claims. Of course, that was in the context after trial. But look to other cases from other jurisdictions and said, for an actual innocence claim, there should be a higher standard than preponderance. And the Owner's Supreme Court in Coleman emphatically rejected that and said, we have one post-conviction hearing act, and that applies equally, the standard is the same at all three stages, regardless of the claim that's being raised, including actual innocence. Okay. So then tell us what we should say as far as pleas of guilty versus trials. Well, that goes to how we actually apply the standard. And in the weight that you give it, because But we don't do any weight No. No, Your Honor. At the second stage. Let me provide this analogy, is that when we're looking at a post-conviction petition, there are, of course, three stages. First stage, the standard is just the arguable basis of a constitutional violation. Second stage simply ups the standard to a substantial showing of a constitutional violation. And then if it gets to a third stage hearing, it's elevated further still to proof by preponderance of the evidence. Now, looking at it in terms of a scale, and again, we're not weighing the evidence or credibility. We're just saying, on one side of the scale, we've got the state's evidence of guilt. And in a typical trial, that's been determined by a trier of fact. All sorts of evidence comes in. Trier of fact sorts through as it finds it beyond reasonable doubt. But in a guilty plea context, we don't have any of that. Instead, what we have is a factual basis provided at the guilty plea hearing to which the defendant agrees. Agrees to the entire factual basis. So while there's not as much cumulative evidence, the weight of that evidence is about as strong and as heavy as evidence can be in a conviction. So that's on one side of the scale. And then first stage. All he needs on the other side of the scale is an arguable basis. Just something that's not fanciful. But this is when it's the second stage. Right. And so to get to second stage, and this is how we can consider the guilty plea in it, but under the usual substantial showing standard, is that you've got this heavy weight of the confessed to evidence, the admitted to evidence. And on this side, you've got the newly discovered evidence. And to get to a substantial showing, it's got to be enough to lift it up somewhat to start getting it closer to preponderance, but not to a preponderance. And so you've got this heavy weight of the agreed to factual basis in a guilty plea. And for instance, in this case, all you've got on the other side is dropping this hearsay affidavit on the other side. So how much does that move the scale? Does it move it substantially? Does it get close to preponderance? No. Did the Coleman Court ever use the word preponderance? It did. It did. It said explicitly that it, in paragraph 92, which is the paragraph this Court cited, it said, finally, the State's proposed standard, which would impose a, quote, clear and convincing, unquote, burden of proof and make an actual innocence claim harder to prove than any other post-condition claim is inappropriate. And then it goes on to then cite to Washington, an actual innocence claim should be treated procedurally like any other post-conviction claim. And in a post-conviction hearing, the burden of proof is on the petitioner to show a denial of a constitutional right by a preponderance of the evidence. And that's from Coleman. And Coleman, the Supreme Court made it clear they were not going to make distinguished between different types of claims on appeal in post-convictions. And so that's why the State is hesitant to then suddenly carve out a different lane for a plea of guilt. What should the Illinois courts do? Are you saying then they should not do anything when there's a plea of guilty involving two different offenses and no trial? No. It should do what I've suggested is thinking about it in terms of a scale. And you've got the heavy weight of everything admitted to for the factual basis. Aren't you just saying that there shouldn't be any distinction between a plea of guilty versus a trial? The only distinction, Your Honor, would be that the weight you give to that evidence below is that it's a strong, as this Court called it, we have strong evidence of guilt in this particular case. But we're not supposed to be doing any weight. You understand that, don't you? Okay. Right. We're not asking you to make credibility determinations or weigh the evidence. But just thinking about it, what is an arguable basis? It's just a little bit. So are you saying that the decision should simply reflect that there is no difference between a case where someone enters a plea of guilty versus a trial, even though courts across the country recognize the public policy behind simply vacating pleas after a solemn procedure has taken place in a court court? This Court should absolutely should recognize that there's a difference here. And again, that goes... What would the difference be? The difference goes to the record below. Like, what's the strength of the evidence below? That's not – if you don't want to look at it in terms of weight... Isn't the strength of the evidence weighing something? No, Your Honor. In fact, this Court already talked about how the evidence in this case was strong. And, of course, in order to make a substantial showing, there has to be a comparison between what the record is below compared to the newly discovered evidence. There has to be a substantial showing of actual innocence. That doesn't mean such a substantial showing that it meets the preponderance standard yet, but just something that's more than nothing, something that actually offsets the heavy weight of the evidence. What about the courts that have actually considered this? Not – there isn't really any case in Illinois where – even if you look at Knight, where the court was confronted with what do you actually – what are the procedures at play here? What do you do when you have a hearing that's already been dismissed at the second stage, and you have a plea of guilty to three separate informations and or indictments? And you have, well, you know, a plea that is being asked to be split up or something. I'm not sure what the procedure – what either of you suggested as far as what to do with this. Other evidence, the other plea. Your Honor, with – But these other cases have said there's a difference here. And we can't just simply throw out a plea without some consideration as to what position the case is in now, that, you know, the State's in a different position because they never actually had an opportunity to put on evidence. Correct, Your Honor. And again, that just goes to how much evidence of newly discovered evidence is going to meet the substantial showings test, the substantial showings standard at the second stage. And a guilty plea. You just have to recognize what's happened. And this case is a very good example of that, is that here we've got a factual basis that was agreed to by the defendant. And specifically, just so we don't miss any part of this factual basis, this Court has laid down nicely in paragraphs 7 and 8, is that as far as MJ goes, yes, there were two home invasions. The first, he asked – used the telephone, she let him in, and he went in, grabbed a VCR, and left. But then he comes back shortly after, says I'm a police officer, goes in, sexually assaults her, and leaves. The victim identifies him in a lineup. Defendant confesses to the police. And then a written statement with an assistant state's attorney. Also, at that stage, as part of the single plea agreement, we've got Dooley, the second victim, who he had committed a home invasion against a few months earlier, and was arrested actually in her car when he was arrested. She identified him in a lineup, and he confessed to that one. And in light of that, at the factual basis hearing, he admitted on the record that he committed these offenses. He agreed to this evidence. And so we've got all that over here. All of that strength of this case against the defendant. And then we have to decide whether this affidavit, not even considering the credibility, assume it's true, this affidavit from Koh, the grandson of the friend of the now-dead victim, who says that she told him the day after she identified the defendant that it was somebody else. Assuming it's true, that's all of his newly discovered evidence. That does not meet a substantial showing when you look at what he has agreed to on the record. Not disputed at trial. What are we assuming is true? Everything. Everything. What in that affidavit are we assuming is true? Assume it's true. Assume that the victim actually told him the day after that she identified the and that he, of course, then remained silent about it for 13 more years. All of that, we don't have to judge whether that's credible. Is that substantial showing of actual innocence? It isn't. It isn't, Your Honor. Well, isn't Sanders where the Supreme Court reviewed several recantations and then looked at the recantations and then looked at the evidence at trial and then they said that, you know what, we're going to review this ourselves and upon our de novo review, we agree that the petition was properly dismissed. Didn't they do that in that case? They actually considered recantations if we call this a recantation. And then they looked at the evidence that was presented at trial. Of course, we have the evidence that was presented at plea. And then they went on and decided that under the actual innocence standard, the petitioner cannot prevail. That's right, Your Honor. And courts are still allowed to do that. They are still allowed to do that. By both the reviewing courts and the Supreme Court. Yes. Because even if we use this original standard and we simply say that the burden is simply a substantial showing, your position is essentially that that hasn't been met. Exactly. Yes, Your Honor. And giving all due consideration to this defendant not only confessed to it, but he admitted to it as part of the factual basis. He confessed in court to everything that happened in this case. And as far as the citations to the out-of-state cases, again, in light of Coleman that rejected having a higher burden for clear and convincing, that undermines the authority in Bell from California, Elizondo from Texas, Roper from Missouri, Cole from New York, Miller in Utah, and Miller v. Commissioner of Corrections in Connecticut. All of those that apply a clear and convincing standard, regardless, even if it went to trial. And the Illinois Supreme Court in Coleman said, we're not going to have an elevated actual innocence standard when it goes to trial. And as far as the one- Other courts and other jurisdictions have actually drawn a distinction between a plea of guilty versus a full-blown evidentiary trial. Yes, Your Honor. With proof beyond a reasonable doubt. Yes. And that is in Schneider from Colorado, Schmidt from Iowa, and Tooley from Texas. And what's significant about those, and absolutely appropriate, those were guilty pleas and they elevated the standard, but those were elevated at the third-stage evidentiary. And what would be our third-stage evidentiary hearing? That would be after an evidentiary hearing. In Schneider, that case arose actually out following a post-conviction hearing. Don't you agree, though, with counsel that there shouldn't be any other standard at the third-stage evidentiary hearing when there's a plea of guilty? Aren't you essentially saying that? We're saying certainly, again, that would be, I believe that's how the Illinois Supreme Court would go. All right. Because they haven't made that distinction. But we're at the second stage, and I think it's clear from Coleman that having an elevated standard at the second stage wouldn't be appropriate. But again, applying the usual substantial showing standard here, based on this Court's thoughtful analysis throughout it, it would apply equally under the substantial showing, just recognizing the defendant pleaded guilty to everything here and admitted to everything in court on the record. Why should we consider the evidence involving the third case? Or the second case, rather? First, it was part of a single complete agreement, and it was included as a factual basis below. And it was a single plea agreement to all three of these cases. And second, as the defendant has made clear throughout this entire process, and we agree, the rules of evidence do not apply in post-conviction hearings under Rule of Evidence 1101. And that applies not just to the co-affidavit, but obviously it applies to the duly evidence in her case. Because while that likely would come in at a trial, it doesn't matter at this stage. It was evidence that was presented at the factual basis hearing. Well, counsel's already conceded it would be coming in at a trial, so I don't know. Right. So this Court should consider it. That is part of the factual basis here. And that just adds to the way. And the co-substantial does not meet the substantial showing standard under that. So for these reasons and our briefs, we ask this Court affirm the dismissal at the second stage. All right. Thank you. Ms. Seery, would you like to present some rebuttal here? Thank you, Your Honor. Just two points. One, what the State proposes sounds a lot like third stage to me because there's a lot of weighing of the evidence, which the courts have repeatedly said is to be done at an evidentiary hearing. And then I wanted to clarify that in Sanders, the Court actually addressed recantation evidence. And again, said recantation evidence, when I read the language, it is true that recantation testimony is regarded as inherently unreliable. And then they consider. And then they say, however, that determination is not made at the motion to dismiss stage of post-conviction proceedings where well-pleaded facts must be taken as true. What did they then do in that case? They said that even. Did they examine the evidence or not? They weighed that taken as true. Taken that statement as true. That recantation as true. They said under those facts, that's not enough. Even if we take that as true, we have to. That would not change the outcome. It was not conclusive. But here we have two competing statements. And weren't they competing statements in Sanders? No, they were not. The facts in Sanders were such that one recantation witness said, I withdraw my statements. But there were still all the other statements from other people that said we saw what we saw. And that implicated the defendant. We don't have that here. We have one statement from the complainant. And we have now the newly discovered evidence which puts that statement from the complainant in a new light, as the 1998 Coleman decision said. That's the standard at the substantial showing. The question is, does it put that original evidence in a new light? And certainly, naming another perpetrator puts that. And taking away the original identification puts that in a new light. All right. We thank you for your arguments today. The case was well argued and well briefed. And we'll take it under advisement. The court stands adjourned.